IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBIN D. STROTHER and
GAIL J. CRAMER,

      Plaintiffs,

vs.                                               CV No. 15-38 MCA/CG

KATHY L. STEELE,

      Defendant.

## ORDER DENYING MOTION TO COMPEL
## MANDATORY SETTLEMENT CONFERENCE

**THIS MATTER** is before the Court upon *Plaintiff's Motion to Compel Mandatory Settlement Conference* (the "Motion"), (Doc. 61), filed September 24, 2015. Plaintiffs state that the parties had agreed in their *Joint Status and Provisional Discovery Plan*, (Doc. 14), that settlement in this case was "likely," and that a settlement conference should be conducted after the close of discovery. (Doc. 61 at 2). Plaintiffs state that Defendant now refuses to engage in a private mediation or settlement conference as agreed, and prefers to wait until the dispositive motions filed in the case have been decided. (*Id.*). Plaintiffs now urge this Court to compel Defendant's good-faith participation in either a private mediation or a settlement conference. As grounds for granting the Motion, Plaintiffs state that the Court has the power to compel participation in a settlement conference in all civil cases. (Doc. 61 at 3 (citing D.N.M.LR-Civ 16.2; F̲e̲d̲. R. C̲i̲v̲. P. 16(c); 28 U.S.C. § 473(b)(5))).

However, the Local Rules of this District require the parties in every civil case to "participate in a settlement conference with a Judge *unless otherwise ordered by the*

*Court.*" D.N.M.LR-Civ 16.2(a) (emphasis added). Moreover, while the Court may have the authority to compel parties to participate in a settlement conference, neither the Local Rules nor the Federal Rules of Civil Procedures require the Court to hold the settlement conference at any particular point during a case, let alone when one party requests it. *See id*; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing that courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Given that Defendant has stated that she is not in a position to proceed with a settlement conference in this case, (*see* Doc. 61-2 at 1), the Court finds that a settlement conference at this time would not be fruitful. As a result, the Court finds that the Motion is not well-taken and should be **DENIED**.

    **IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Mandatory Settlement Conference*, (Doc. 61), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE